UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BLEKLEY COICOU                          CIVIL ACTION NO. 6:12-cv-01925
                                        SECTION "P"

VERSUS                                  JUDGE DOHERTY

ERIC HOLDER, ATT'Y GEN.,                MAGISTRATE JUDGE HANNA
JANET NAPOLITANO, SEC. DHS.,
PHILLIP MILLER, FIELD OFFICE
DIR., DAVID VIATOR, WARDEN,
S.L.C.C.

## REPORT  AND  RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Blekley Coicou.  (Rec. Doc. 4).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.   For the following reasons, it is recommended that the motion be GRANTED.

## ANALYSIS

On July 16, 2012, Blekley Coicou initiated this lawsuit, filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  (Rec. Doc. 1).  In his petition, Coicou alleges that he is stateless, having been born in the Bahamas to parents who

were not Bahamian citizens and having never applied for nor obtained citizenship in any other country.  (Rec. Doc. 1 at 2).  In his petition, he claims that he is being detained at the South Louisiana Correction Center in Basile, Louisiana, that he has been detained in the custody of the Immigration and Customs Enforcement ("ICE") since January 24, 2012 (Rec. Doc. 1-2), and that he was ordered removed by a final deportation order dated August 30, 1996 (Rec. Doc. 1 at 3).

Coicou argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal.  He further argues that the presumptively reasonable time period has elapsed.  Coicou argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Coicou prays that a writ of *habeas corpus* be issued directing that he be released from custody.

On July 25, 2012, the government filed a motion to dismiss Coicou's petition (Rec. Doc. 4), advising that Coicou has already been released from custody and removed from the United States (Rec. Doc. 4-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or

-2-

treaties of the United States . . . ."  Coicou was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied.  After his petition was filed, however, Coicou was released from custody.  (Rec. Doc. 4-2). Coicou's release from ICE detention rendered his petition for a writ of *habeas corpus* moot.

Accordingly, the undersigned finds that Coicou is no longer in ICE custody.

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 4) be GRANTED, and that Coicou's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 14th day of August 2012.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-4-